**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **DAVID POOLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 14-cv-442-MJR** |
| | ) | |
| **MICHELLE R.B. SADDLER,** *et al.,* | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

This matter is before the Court for case management, following transfer of the case to this district on April 15, 2014.  Plaintiff, by counsel, filed this civil rights action pursuant to 42 U.S.C. § 1983 on July 11, 2013, in the Northern District of Illinois (Case No. 13-cv-4984) (Doc. 1).  Among other claims, he alleges he was subjected to physical and sexual abuse by numerous Defendants, and was involuntarily given psychotropic drugs without medical justification, while he was in the custody of the Illinois Department of Corrections (IDOC) and Illinois Department of Human Services (IDHS).  His allegations encompassed incidents dating back to his confinement at Menard and Pontiac Correctional Centers in 1977, and the Defendants included officials at those institutions.

At the time the action was filed, Plaintiff was involuntarily incarcerated in the Chester Mental Health Center ("Chester"), where he continues to be confined.[1]  Plaintiff's

---

[1] The documents filed in this case indicate that Plaintiff had been sentenced to life in prison after having been found guilty of a 1992 attempted murder charge (Doc. 43, p. 16).  While in the custody of the Illinois Department of Corrections, he was tried on an unrelated charge of aggravated criminal sexual assault (for attacking a nurse at the Elgin Mental Health Center while he was held there as unfit to stand trial for attempted murder).  He was found not guilty of the sexual assault by reason of insanity in August

motion for leave to proceed *in forma pauperis* (IFP) (Doc. 3) was granted (Doc. 6), and summons was issued to each of the 29 named Defendants and the State of Illinois on July 18, 2013.  Counsel has appeared for Defendants Michelle R.B. Saddler (Secretary of the IDHS), S.A. Godinez (Director of the IDOC), Donald Jones (IDOC employee), the IDHS, and Chester staff members Jared Brooks, Christopher Roberts, Travis Nottmiar, and Todd Loss (Doc. 15).   On December 13, 2013, summonses were returned unexecuted for Defendants Stephen L. Hardy (Chester superintendent), and Chester Security Therapy Aides Robert Pool, John Johnson, Ruckett Cagoo, Dick Waggner, Don Power, Don Berry, and Larry Kseo, and Chester Nurse June Ward (Docs. 31-39).   Summons was also issued for Defendants Alvin, Jessie, Meeks, Joe, Don, Jim, Dan, Kenny, Bruce, Mr. Kelkhoff, and Mr. Cowan (all Chester Security Therapy Aides), but no summons was returned either executed or unexecuted for these individuals.

Defendants Saddler, Godinez, Jones, IDHS, Brooks, Roberts, Nottmiar, and Loss (referred to herein and in previous orders as the "Moving Defendants") sought dismissal of the complaint or in the alternative, transfer of the action to this district (Doc. 19).  Plaintiff moved to amend his complaint (Doc. 29) and requested a transfer to the Elgin Mental Health Center (Doc. 10).  On February 14, 2014, the Northern District denied Plaintiff's motions, dismissed a number of claims and Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6), and denied without prejudice the Moving Defendants' request to transfer venue (Docs. 42, 43).  Specifically, all claims against Defendants Saddler and Godinez[2] were dismissed without prejudice (Doc. 43,

---

1996.  *Id*.  It appears that he has been in the custody of the Illinois Department of Human Services since that time.

[2] These Defendants were named only in connection with Count VIII.

p. 6).  All claims against Defendants Donald Jones[3] were dismissed with prejudice (Doc. 43, p. 8).  All claims against Defendants State of Illinois and the IDHS were dismissed with prejudice (Doc. 43, p. 10).  Counts III, IV, V, VI, VII, IX, X, XI, XII, XIII, and XIV were dismissed with prejudice in their entirety[4] (Doc. 43, pp. 10-11, 20).  Further, portions of Counts II and VIII were dismissed with prejudice as time-barred, to the extent they were based on paragraphs 17-19 and 32-33 of the complaint (Doc. 43, pp. 11, 20).

As a result of this order, the only remaining claims are:

**Count I** – Respondeat superior against Defendant Dr. Stephen L. Hardy;

**Count II** – Against Defendants Brooks, Roberts, Pool, Alvin, Waggner, Kelkhoff, Berry, Power, Cowan, Loss, Jessie, Cagoo, Kseo, Johnson, Meeks, Joe, Don, Jim, Dan, Kenny, Bruce, Ward, Nottmiar, and Unknown Security Therapy Aide for injuries inflicted on Plaintiff (excluding the claims in ¶¶ 17-19 and 32-33 of Doc. 1);

**Count VIII** – Civil conspiracy to interfere with Plaintiff's right to be free from cruel and unusual punishment, against remaining Defendants Hardy, Brooks, Roberts, Pool, Alvin, Waggner, Kelkhoff, Berry, Power, Cowan, Loss, Jessie, Cagoo, Kseo, Johnson, Meeks, Joe, Don, Jim, Dan, Kenny, Bruce, Ward, Nottmiar, and Unknown Security Therapy Aide;[5]

**Count XV** – Claim against Defendant Hardy for injuries inflicted on Plaintiff.

All of the Moving Defendants are residents of the Southern District of Illinois, and it appears the same is true of the additional remaining Defendants.  All claims against Defendants residing in the Northern District have been dismissed.  On April 15, 2014, the Northern District granted the Moving Defendants' motion to transfer for improper venue (Doc.

---

[3] Count VII was against Defendant Jones only and was dismissed in full.  Count VIII was for conspiracy against Defendant Jones and numerous other Defendants, and was dismissed against Defendant Jones as well as Defendants Saddler and Godinez.

[4] Some of these counts included claims against Menard and Pontiac Correctional Facilities and staff, and against Chester Mental Health Center, which were barred by the statute of limitations and the Eleventh Amendment.

[5] Paragraph 71 under Count VIII contains allegations that appear to have been mistakenly copied from an unrelated action and do not belong in this pleading.

49), and the action was transferred to this district (Doc. 52).

**Motion for Leave to File Second Amended Complaint (Doc. 50)**

Before the action was transferred, Plaintiff had filed a motion for leave to file a Second Amended Complaint (Doc. 50). No ruling was made on this motion before the action was transferred. The proposed Second Amended Complaint (Doc. 50-1) contains eight counts. Some of these restate the claims in Counts I, II, VIII, and XV, although they are re-numbered. Plaintiff adds two new counts against Defendant Saddler, adds three more named Chester Security Therapy Aides as Defendants, and adds two new "respondeat superior" counts, one against the "Chester Mental Health Facility" and the other against the Illinois Department of Human Services. Plaintiff eliminated most of the time-barred allegations. However, he again included the material in paragraphs 32 and 33 of the original complaint (renumbered as paragraphs 21 and 22), which referred to incidents in 2000 and 2005, and had specifically been dismissed with prejudice from Counts II and VIII (Doc. 50-1, p. 4).

Because the proposed Second Amended Complaint includes the time-barred claims in paragraphs 21-22 (incorporated by reference into each count), and because it includes counts that fail to state cognizable claims against the Illinois Department of Human Services and Chester Mental Health Facility, leave to file the Second Amended Complaint is **DENIED.** Plaintiff was told in Doc. 43 that the Eleventh Amendment bars a suit for damages against the state and its agencies or divisions, and these entities are not "persons" subject to a § 1983 action (Doc. 43, pp. 8-10). The claims against IDHS and Chester were dismissed with prejudice, and Plaintiff's motion to reconsider the dismissal was denied (Docs. 47, 48). The inclusion of these allegations and Defendants suggests that counsel may be in violation of Federal Rule of Civil Procedure 11(b).

The Court anticipates that Plaintiff will request leave to file another amended complaint, if only to correct the drafting error in Count VIII. If Plaintiff attempts to include any of the claims that have been dismissed with prejudice in a future proposed amended complaint, it shall be rejected, and sanctions pursuant to Rule 11(c) may be considered. Furthermore, for ease of reference when re-pleading Counts I, II, VIII, and XV, Plaintiff shall maintain the original numbering scheme for these counts. Any additional counts shall be numbered sequentially beginning with Count XVI.

**Dismissal of Certain Defendants**

Several Defendants remain on the docket sheet despite the fact that all claims against them have been dismissed with prejudice. Therefore, the following Defendants are **DISMISSED** from this action with prejudice: **DONALD JONES, STATE OF ILLINOIS, UNKNOWN WARDEN OF PONTIAC, UNKNOWN WARDEN OF MENARD, UNKNOWN PSYCHOLOGIST AT MENARD, UNKNOWN PSYCHIATRIST AT MENARD,** and the **ILLINOIS DEPARTMENT OF HUMAN SERVICES.**

**Service on Remaining Defendants**

As noted above, service was not accomplished on a number of the Defendants.

Accordingly, the Clerk of Court shall prepare for Defendants **JOHNSON, ALVIN, JESSIE, MEEKS, JOE, DON, JIM, DAN, KENNY, BRUCE, HARDY, POOL, WAGGNER, KELKHOFF, BERRY, POWER, COWAN, WARD, CAGOO,** and **KSEO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint (Doc. 1), the Memorandum Opinion and Order at Doc. 43, the Order at Doc. 52, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.

If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

Service shall not be made on the Unknown STA (Security Therapy Aide) Defendant(s) until such time as Plaintiff has identified them by name in a properly filed amended complaint.  Plaintiff is **ADVISED** that it is Plaintiff's responsibility to provide the Court with the names and service addresses for these individuals.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address.  This information shall be used only for sending the forms as directed above or for formally effecting service.  Any documentation of the address shall be retained only by the Clerk.  Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to the United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs,

notwithstanding that his application to proceed *in forma pauperis* has been granted.  *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against Plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

**IT IS SO ORDERED.**

**DATED: May 14, 2014**

s/ MICHAEL J. REAGAN
United States District Judge