IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID POOLE, )<br>)<br>         **Plaintiff,**  )<br>)<br>vs.                                        )<br>)<br>JARED BROOKS, LAWRENCE CASCIO, )<br>JOHN JOHNSON, ALVIN, JESSIE, )<br>MEEKS, JOE, DON, JIM, DAN, KENNY, )<br>UNKOWN SECURITY THERAPY AIDE, )<br>BRUCE, STEPHEN L. HARDY, )<br>CHRISTOPHER ROBERTS, ROBERT )<br>POOLE, TRAVIS NOTTMIAR, DICK )<br>WAGGNER, MR. KELKHOFF, DON )<br>BERRY, DON POWER, MR. COWAN, )<br>TODD LOSS, JUNE WARD, RUCKETT )<br>CAGOO, )<br>)<br>         **Defendants.** )  | Case No.   14-cv-0442-MJR-SCW |

**MEMORANDUM AND ORDER**

**REAGAN, Chief Judge:**

      **A.**      **INTRODUCTION**

While incarcerated within the Illinois Department of Corrections (IDOC) and represented by counsel, David Poole (Plaintiff) filed the above-captioned suit under 42 U.S.C. 1983 against various employees and officials in the IDOC. Plaintiff's allegations related to his confinement at Menard Correctional Center, Pontiac Correctional Center, and Chester Mental Health Facility. Specifically, Plaintiff alleged that he was subjected to physical and sexual abuse while he was held in the custody of the IDOC and the Illinois Department of Human Services (IDHS). Plaintiff filed his suit in the United States District Court for the Northern District of Illinois in July 2013. The Honorable Amy J. St. Eve transferred to the case to this District in April 2014, as the acts and omissions complained of occurred in (and the remaining defendants resided in) the Southern District of Illinois.

In May 2014, the undersigned conducted threshold review of the complaint. In the wake of the threshold review Order (Doc. 59), the following claims remain: a respondeat superior claim against Defendant Stephen L. Hardy (Count 1), a claim against numerous individuals for injuries inflicted on Plaintiff (Count 2), a civil conspiracy claim against numerous individuals who interfered with Plaintiff's right to be free from cruel and unusual punishment (Count 8), and a claim against Defendant Hardy for injuries inflicted on Plaintiff (Count 15). The case now comes before the Court on a motion to dismiss and supporting memorandum filed by Defendant Robert Poole (Docs. 122-123) and a motion to dismiss and supporting memorandum filed by Defendant June Ward (Docs. 135-136). Plaintiff responded to both motions (Docs. 128 and 138, respectively). For the reasons described below, the Court will grant the motions.

      **B.**     **FACTUAL AND PROCEDURAL BACKGROUND**

On July 11, 2013, Plaintiff filed a fifteen-count complaint against thirty-six individuals, alleging mistreatment while housed at Chester Mental Health Center, Pontiac Correctional Center, and Menard Correctional Center. As noted above, the case was transferred to this Court on April 15, 2014. Prior to the transfer, several named Defendants had filed a motion to dismiss. Defendants Todd Loss, Michelle Saddler, Salvador Godinez, Donald Jones, Travis Nottmeier, Christopher Roberts, and Jared Brooks sought dismissal, arguing that Counts 2-6 and Count 8 were barred by the statute of limitations. Judge St. Eve found that the allegations in paragraphs 17-19 and 32-33 were barred by the statute of limitations and, to the extent that Counts 2 and 8 asserted claims based on those paragraphs, she dismissed Counts 2 and 8.

Count 2 of Plaintiff's complaint alleges that various Defendants, including Robert Poole and June Ward, violated Plaintiff's constitutional rights (Doc. 1 at ¶¶ 60-61). The count does not allege in what ways these Defendants violated Plaintiff's rights; the count only refers to and incorporates the

previously alleged paragraphs of the complaint (which shed no light). Count 8 alleges a civil conspiracy by Defendants, including Robert Poole and June Ward: Defendants "engaged in a conspiracy to close JT's Bourbon Street Grill by a constant and sustained pattern of harassment that reduced the flow of customers at that establishment" (Doc. 1 at ¶ 71).

Defendants Poole and Ward seek dismissal, asserting that the only factual allegations against them are contained in the time-barred paragraphs already dismissed by Judge St. Eve and that the complaint fails to contain any other factual allegations directly against them.

Poole is listed in paragraphs 1, 8, 50(h), 51, 56-58, and 61, and the titles of Counts 2 and 8. Paragraphs 1 and 61 state that claims are brought under 42 U.S.C. 1983 against various individuals including Poole (Doc. 1, p. 2, 12). Paragraph 8 indicates that Poole is a security therapy aide at Chester Mental Health Facility (*Id.* at p. 3). Paragraph 50(h) indicates that Poole violated Plaintiff's constitutional rights to due process in abusing Plaintiff in the ways described in the complaint. Paragraph 51 indicates that Poole and other Defendants acted under color of law. Paragraphs 56-58 deal with Defendant Hardy's failure to exercise reasonable care in hiring, supervising, training, or monitor several Defendants, including Poole.

Likewise, Defendant Ward argues that she is mentioned in paragraphs 1, 50(h), 51, 56-58, and 61. She is also listed in paragraph 9 which states that she is a nurse at Chester Mental Health Facility (Doc. 1, p. 30) and paragraph 32 which alleges that she interfered with the investigation of other Defendants who allegedly gang-raped Plaintiff (*Id.* at p. 6). The latter allegation was deemed barred by the statute of limitations by Judge St. Eve, as the gang-rape occurred in September 2000 (Doc. 43, p. 11). Paragraphs 56-58 mention Defendant Ward only in alleging that Defendant Hardy failed to properly train Ward. These paragraphs do not allege that Ward committed any improper acts or misconduct against Plaintiff.

C. **LEGAL STANDARD GOVERNING MOTIONS TO DISMISS**

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim on which relief can be granted. The United States Court of Appeals for the Seventh Circuit has explained that although a complaint need not contain detailed factual allegations to avoid Rule 12(b)(6) dismissal, it must contain "enough facts to state a claim for relief that is plausible on its face." **Scott v. Chuhak & Tecson, P.C., 725 F.3d 772, 782 (7th Cir. 2013), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). Accord Burke v. 401 N. Wabash Venture, LLC, 714 F.3d 501, 504 (7th Cir. 2013).**

A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." **D.B. ex rel. Kurtis B. v. Kopp, 725 F.3d 681, 684 (7th Cir. 2013), quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).** The complaint must "go beyond mere labels and conclusions" and contain "enough to raise a right to relief above the speculative level." **G&S Holdings, LLC v. Continental Casualty Co., 697 F.3d 534, 537-38 (7th Cir. 2012).** Stated another way: "To withstand a Rule 12(b)(6) challenge after *Iqbal* and *Twombly,* 'the plaintiff must give enough details about the subject-matter of the case to present a story that holds together,' and the question the court should ask is '*could* these things have happened, not *did* they happen.'" **Estate of Davis v. Wells Fargo Bank, 633 F.3d 529, 533 (7th Cir. 2011), citing Swanson v. Citibank, N.A., 614 F.3d 400, 404-05 (7th Cir. 2010)(emphasis in original).**

Courts "must still approach motions under Rule 12(b)(6) by 'construing the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in her favor.'" **Hecker v. Deere & Co., 556 F.3d 575, 580 (7th Cir. 2009), cert. denied, 558 U.S. 1148 (2010), quoting Tamayo v. Blagoyevich, 526 F.3d 1074, 1081 (7th Cir.**

2008). The court takes well-pled facts as true but does not accept as true statements of law or unsupported conclusory factual allegations. **Yeftich v. Navistar, Inc.,** **722 F.3d 911, 915 (7th Cir. 2013).**

### D. ANALYSIS

#### (1) Robert Poole

Defendant Poole is listed in paragraphs 1, 8, 50(h), 51, 56-58, and 61, and the caption of Counts 2 and 8. As has been previously noted, paragraphs 1 and 61 state only that the claims against Poole are brought pursuant to 42 U.S.C. 1983; paragraph 8 states only that Poole is a security therapy aide at Chester Mental Health sued in his individual capacity. Those paragraphs do not set forth any factual allegations against Poole. Paragraphs 56-58 only mention Poole in relation to the claims against Defendant Stephen Hardy, namely to state that Hardy failed to supervise and train numerous defendants, including Poole.

Paragraph 50(h) does allege that Poole violated Plaintiff's rights. It states that Poole, along with others, violated Plaintiff's due process rights by abusing Plaintiff in the ways outlined in the complaint. But the complaint does not mention Poole in any of the other paragraphs in the complaint, thus there are no "ways outlined" in the complaint as to Defendant Poole. Paragraph 50(h) is wholly conclusory. The complaint is devoid of factual allegations to support a violation of Plaintiff's due process rights by Poole.

Plaintiff counters by pointing to 41-46 of his complaint which document several events that took place in 2012 (Doc. 1, p. 7). These paragraphs indicate that in November and December of 2012, several unknown security therapy aides offered Plaintiff the option of either taking Thorazine tablets or an ice solution. The complaint also alleges that a security therapy aide by the name of Ken improperly administered shots to Plaintiff in early December, spit in his face, stepped on Plaintiff's

ankle, and hit Plaintiff with a walkie-talkie on separate occasions. Plaintiff's complaint alleges that a Chris Roberts participated in some of these actions, along with a security therapy aide by the name of Clarence. Plaintiff also alleges that unknown aides hit Plaintiff in the head with a walkie-talkie. However, none of those allegations is directed *against Poole*. Nor is there any indication that one of the unknown aides *was* Poole. While Plaintiff contends that Poole should not be dismissed because later discovery might reveal Poole to be one of the unknown aides, there are currently no factual allegations against Poole. That future evidence might reveal a claim against Poole does not suffice. There are currently no allegations in the complaint setting forth a claim against Poole. Thus, the Court **GRANTS** the motion to dismiss and **DISMISSES without prejudice** all claims against Defendant Poole.

### (2) June Ward

The Court also finds that Plaintiff has failed to state a claim against June Ward. Ward is only listed in paragraphs 1, 9, 32, 50(h), 51, 56-58, and 61. As with Defendant Poole, paragraphs 1 and 61 state only that the claims against Ward are brought pursuant to 42 U.S.C. 1983, and paragraph 9 states only that Ward is a nurse at Chester Mental Health sued in her individual capacity. Those paragraphs do not set forth any allegations against Ward. Similarly, paragraphs 56-58 only mention Ward in relation to the claims against Defendant Stephen L. Hardy and do not state any factual allegations against Ward. Only paragraph 50(h) indicates that Ward violated Plaintiff's rights, stating simply that Ward, along with others, violated Plaintiff's due process rights by abusing Plaintiff in the ways outlined in the complaint. Paragraph 32 also includes Ward and alleges that she interfered with an investigation into sexual abuse against Plaintiff but those allegations were from 2000 and were previously dismissed by the Northern District (Doc. 43, p. 11) and cannot form the basis for a claim against Ward.

A complaint must go beyond mere conclusions and contain enough facts to raise a right to relief above the speculative level. Plaintiff's complaint does not do this as to Defendant Ward. Plaintiff asserts that Ward is involved in an ongoing conspiracy to deprive Plaintiff of his rights and that the allegations dating from 2000 were one example of how Ward was involved in the conspiracy. But those allegations were dismissed previously herein, and Plaintiff has not offered any other factual allegations which would set forth a claim of conspiracy against Ward. There is simply nothing in the complaint alleging that Ward was involved in a conspiracy to violate Plaintiff's rights -- just mere conclusory statements, which do not suffice to state a claim against Ward. Accordingly, the Court **GRANTS** Defendant Ward's motion to dismiss and **DISMISSES without prejudice** all claims against Ward.

E. CONCLUSION

A claim is facially plausible if the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. Plaintiff's complaint states no facially plausible claim against Defendant Robert Poole or Defendant June Ward. Accordingly, the Court **GRANTS** both Defendants' motions to dismiss (Docs. 122 and 135). Defendants Robert Poole and June Ward are **DISMISSED** from the case **without prejudice**.

IT IS SO ORDERED.

DATED AUGUST  13 , 2015.

s/ MICHAEL J. REAGAN
Michael J. Reagan
Chief Judge
U.S. District Court